USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/11/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>                **Plaintiff,**<br><br>v.<br><br>**CRAIG H. CARTON,<br>JOSEPH G. MELI,<br>ADVANCE ENTERTAINMENT, LLC,<br>ADVANCEM LTD.,<br>MISOLUKI, INC.,<br>MISOLUKI, LLC,<br>TICKET JONES, LLC, and<br>TIER ONE TICKETS, LLC,**<br><br>                **Defendants.** | Civil Action No. 17-cv-6764-LGS |

[proposed]
**FINAL JUDGMENT AS TO DEFENDANTS
JOSEPH G. MELI AND ADVANCE ENTERTAINMENT, LLC**

The Securities and Exchange Commission having filed a complaint and Defendants Joseph G. Meli ("Meli") and Advance Entertainment, LLC (together, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Joseph G. Meli and Advance Entertainment II, LLC are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R.

1

§ 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Joseph G. Meli and Advance Entertainment, LLC are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

  (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## III.

  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Joseph G. Meli is liable for disgorgement of $2,600,000.00, representing profits gained as a result of the conduct alleged in the complaint, together with prejudgment interest thereon in the amount of $203,610.25, for a total of $2,803,610.25.  Disgorgement and prejudgment interest are deemed satisfied by the Order of Restitution entered against Meli on June 21, 2018 in the related criminal case, *United States v. Joseph Meli*, Crim. No. 1:2017-cr-00127-KMW (S.D.N.Y.) [ECF No. 171].

## IV.

  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Advance Entertainment, LLC is liable for disgorgement of $2,600,000.00, representing profits gained as a result of the conduct alleged in the complaint, together with prejudgment interest

thereon in the amount of $203,610.25, for a total of $2,803,610.25. Disgorgement and prejudgment interest are deemed satisfied by the Order of Restitution entered against Meli on June 21, 2018 in the related criminal case, *United States v. Joseph Meli*, Crim. No. 1:2017-cr-00127-KMW (S.D.N.Y.) [ECF No. 171].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that paragraphs III and IV, above, reflect that as to the disgorgement ordered herein, the Final Judgment entered by the Court has been fully satisfied.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice. and close the case.

So Ordered.

Dated: April 11, 2019
       New York, New York

SO ORDERED

_____
HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE